UNITED STATES OF AMERICA
DISTRICT COURT OF EASTERN MASSACHUSETTS

No. 1:13CV-11307

| | |
|---|---|
| _____ ) | |
| JENNIFER MEAGHER, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| ANDOVER SCHOOL COMMITTEE, ) | |
|     Defendant ) | |
| _____ | |

## Introduction

1. The Plaintiff Jennifer Meagher brings this action to redress violations of her rights under the Constitution and laws of the United States and the Commonwealth of Massachusetts.

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of rights, privileges and immunities secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States, and other laws.

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983and 28 U.S.C. §§ 1331 and 1343(3).

## Parties

4. The Plaintiff is a citizen of the United States and Commonwealth of Massachusetts, residing in Amesbury, Massachusetts.

5. The Defendant is the Andover School Committee, Andover, Massachusetts.

## Facts

6. The Plaintiff was employed as a tenured high school English teacher by the Defendant from 2001-2012.

7. Until the occurrence of the events described below, the Plaintiff had no disciplinary record and excellent performance evaluations.

8. Commencing in or about 2011 the Defendant and the Union to which the Plaintiff belonged entered into protracted negotiations for a new collective bargaining agreement covering, among others, high school teachers employed by the Defendant.

9. Also commencing in or about 2011 Andover High School commenced the New England Association of Schools and Colleges (NEASC) re-accreditation process, which occurs every 10 years.

10. The steps involved in the re-accreditation process were:

11. A self-study of the high school by the high school faculty and administrators

12. The writing of summary reports based on the self study

13. A vote by the high school faculty and administration to approve the completed reports for submission to NEASC

14. And, finally, by a visit of NEASC volunteers to the school to investigate the information provided in the reports and evaluate the school's compliance with stated accreditation criteria.

15. At the time these processes occurred the Plaintiff was for some time Vice President of her Union and at all relevant times a member of its collective bargaining committee.

16. In or about February 2012 Andover High School completed its reports for NEASC, and began the process of voting in March 2012, culminating in a final scheduled submission of its reports to the faculty of the high school for a vote on or about June 21, 2012.

17. The Defendant advised the Plaintiff's Union to tell its member high school teachers that any high school teacher who did not vote on June 21, 2012 would be charged with insubordination and disciplined accordingly.

18. The Defendant created a paper ballot giving high school teachers the following voting options:  __Yes  __No  __Abstain.

19. The Plaintiff and other high school teachers had the right to vote for or against approval of the report, or to abstain.

20. Andover High School's self-study was conducted under the staffing and scheduling requirements of the expired (August 2010) collective bargaining agreement.

21. At the time of the vote Defendant was insisting in collective bargaining for a 20% increase in teaching load, which would allow Defendant to cut as much as 20% of the high school teaching staff.

22. For this reason the Plaintiff believed the report was possibly misleading and a vote on the report was premature.

23. On June 10, 2012 Plaintiff sent an email during non-school hours from her home account to the home accounts of approximately sixty members of the high school faculty which included the following statements: "Here's what I'm going to do and what I ask you to do: Picketing next week, every day...; Abstain on June 21; [and] attend School Committee meeting on June 21."

24. Plaintiff's email continued on to describe what that taking the aforementioned actions would accomplish, including "put a hold on NEASC."

25. Plaintiff's email advocated no other actions than described in paragraph xx above, and in particular did not advocate taking any actions other than voting to abstain to "put a hold on NEASC," and did not advocate "teachers not to perform their in-service duties, and did not advocate or encourage any teacher to take any action in the course of their duties as classroom teachers.

26. On June 26, 2012 Defendant gave written notice to the Plaintiff that she would be dismissed solely on account of what she advocated in the email. A copy of that letter is appended hereto as Exhibit A.

27. In its letter of June 26, 2012 Defendant falsely characterized Plaintiff's email as "encouraging teachers not to perform their in-service duties in an effort to bring the NEASC accreditation work to a halt and jeopardize the accreditation of Andover High School, [and asserted that her advocacy]

constitutes 'conduct unbecoming a teacher', 'insubordination', and 'other just cause' within the meaning of G.L. c. 71, §42." Id.

28. On September 14, 2012, after a hearing before Superintendent Marinel McGrath, Defendant terminated the Plaintiff's employment for the reasons stated above.

29. Thereafter the Defendant refused to allow any school administrator to provide a reference letter for future employment elsewhere to the Plaintiff unless the letter specifically advised that Defendant had terminated her for "conduct unbecoming a teacher, insubordination, and/or other just cause."

30. In addition Defendant took other actions to interfere with Plaintiff obtaining employment with another employer.

31. As a consequence Plaintiff lost at least one employment opportunity with someone other than the Defendant, and was disheartened about and dissuaded from seeking full-time employment elsewhere.

32. Thereafter Plaintiff applied for unemployment benefits. Defendant opposed her application by asserting falsely that Plaintiff "sent an email to 60 other teachers telling them they should strike in order toe get what they wanted."

33. The Commonwealth of Massachusetts, after an investigation, discredited Defendant's false allegation and awarded the Plaintiff unemployment benefits.

34. Defendant appealed said decision solely to delay Plaintiff's receipt of benefits to which she was entitled, and then withdrew its appeal of said decision approximately one hour before it was to be reviewed by the Commonwealth.

35. Plaintiff's receipt of unemployment benefits were delayed three months by Defendant's aforementioned actions during which time she suffered a lack of needed income.

36. Defendant's actions constitute an unlawful interference with the Plaintiff's right to engage in free speech under the First and Fourteen Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

37. Defendant's actions further constitute a violation of Plaintiff's right to engage in free speech under the Massachusetts Constitution in violation of M.G.L. c. 12, §§ 11 H & I.

38. As a consequence of Defendant's unlawful conduct the Plaintiff suffered lost wages, damage to her reputation, and severe emotional distress.

**Claims**

**COUNT I: RETALIATION**

39. The Plaintiff incorporates the allegations above herein.

40. The Defendant, acting under color of state law, has retaliated against eh Plaintiff for the exercise of her rights under the First and Founteen Amendments to the United States Constitution, and other laws.

## COUNT II: THREATS, COERCION AND INTIMIDATION

41. The Plaintiff incorporates the allegations above herein.

42. Defendant has deprived and has attempted to deprive Plaintiff of her rights under the laws of the United States and of the Commonwealth of Massachusetts by means of threats, coercion and intimidation, in violation of Mass. Gen. L. M.G.L. c. 12, §§ 11 H & I.

## Relief Requested

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A. Award her compensatory damages for her losses;

B. Award her punitive damages;

C. Order her to be reinstated by the Defendant to her tenured teaching position with credit for back seniority;

D. Award her interest under state or federal law; and

E. Award her costs including reasonable attorneys' fees.

By her attorney,

Mark D. Stern
BBO #479500
Mark D. Stern, P.C.
34 Liberty Avenue
Somerville, MA 02144
Tel. (617) 776-4020
Fax (617) 776-9250
email:markdsternpc@comcast.net